**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3105-23

PC4REO, LLC,[1]

     Plaintiff-Respondent/
     Cross-Appellant,

v.

JOHN T. KEMP,

     Defendant-Appellant/
     Cross-Respondent,

and

DENISE CHILINSKAS, VIST
BANK, s/b/m/t MADISON BANK,
a division of LEESPORT
BANK, GELT FINANCIAL
CORPORATION, and JOANNE
AUNGST,

     Defendants.

_____

[1] In the first amended complaint, plaintiff is designated as, "Pro Cap 4 LLC, Firstrust Bank, by its custodian US Bank" (Pro Cap 4). On March 2, 2020, Pro Cap 4 assigned the tax sale certificate in the matter under review to plaintiff PC4REO, LLC, resulting in a change in the caption. We refer to Pro Cap 4 and PC4REO, LLC interchangeably as plaintiff in our opinion.

Argued April 1, 2025 – Decided April 2, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-024686-18.

Brian L. Whiteman argued the cause for appellant/cross-respondent (Whiteman Law Group, LLC, attorneys; Brian L. Whiteman, on the briefs).

Robin I. London-Zeitz argued the cause for respondent/cross-appellant (Gary C. Zeitz, LLC, attorneys; Robin I. London-Zeitz, on the briefs).

PER CURIAM

Defendant John Kemp appeals from an April 26, 2024 Chancery Division order denying his second motion for reconsideration and to vacate a tax foreclosure judgment. Defendant argues that the tax foreclosure judgment should be vacated, and he should be permitted to redeem the tax foreclosure pursuant to the United States Supreme Court's decision in Tyler v. Hennepin County, 598 U.S. 631 (2023), declaring a taxing authority's confiscation of a property owner's equity to be a violation of the Fifth Amendment Takings Clause under the United States Constitution. Tyler held that it was unconstitutional for a property owner not to be able to recover excess equity when a property was foreclosed upon pursuant to a tax sale certificate.

2

Plaintiff PC4REO, LLC cross-appeals from a second April 26, 2024 Chancery Division order denying its cross-motion for sanctions. After reviewing the record in light of the arguments of the parties and governing law, we affirm both orders.

I.

The chronology is set forth in this court's unpublished opinion entered on June 8, 2023, in which we affirmed the trial court's decision denying defendant's first motion for reconsideration and to vacate the tax foreclosure judgment. PC4REO, LLC v. Kemp, et al., No. A-1944-21 (App. Div. June 8, 2023) (slip op. at 2.) We incorporate, by reference, the facts set forth in our prior opinion.

We describe the following procedural history to give context to our opinion. In May 2006, defendant became the owner of the subject property located in Haddon Heights (the Property). Defendant had two mortgages on the Property. Ten years later, in October 2016, plaintiff's predecessor, Pro Cap 4, purchased a tax sale certificate on the Property for $2,330.07. On December 17, 2018, Pro Cap 4 filed a tax sale certificate foreclosure complaint and an amended complaint two months later to foreclose defendant's right to redeem the certificate and declare itself owner of the Property. Defendant filed a contested answer.

The court set February 28, 2020, as the last date for redemption. Defendant did not redeem the tax lien. On May 24, 2020, the trial court entered final judgment in favor of plaintiff barring defendant's right to redeem the Property. Defendant did not oppose plaintiff's motion for final judgment.

On December 2, 2021, defendant filed a motion to vacate the final judgment, almost eighteen months after the entry of final judgment. On January 7, 2022, the trial court denied defendant's motion, finding that he had not satisfied Rule 4:50-1(f), and failed to submit a certification providing a legal or factual basis to warrant relief from final judgment. Defendant attached a non-certified mortgage loan commitment to the motion, without a corresponding certification.

As of January 7, 2022, plaintiff was owed $111,095.40, and the Property was encumbered by more than $421,000 in debt. At that time, plaintiff's counsel claimed defendant owed approximately $128,000 in total, including the $16,600 premium plaintiff paid for the tax sale certificate. Kemp, slip op. at 7. The record showed defendant did not have the funds to redeem the tax lien if the final judgment was vacated. Ibid.

Four days later, defendant filed a Chapter 7 bankruptcy petition. On January 31, 2022, defendant filed his first motion for reconsideration. On

February 18, 2022, the trial court denied defendant's motion for reconsideration stating there was "nothing new" and the judgment was eighteen months old. Ten days later, the Bankruptcy Court dismissed defendant's Chapter 7 petition.

On March 2, 2022, defendant appealed from the January 7, 2022 order denying his motion to vacate the final judgment and the February 18, 2022 order denying reconsideration. On March 30, 2022, defendant was evicted from the property.

On May 25, 2023, the Tyler decision was issued. On June 8, 2023, we issued our opinion denying defendant's appeal. We concluded that defendant did not show adequate proof his purported loan was approved, substantial hardship, or justification for his eighteen-month delay in seeking relief from final judgment. Kemp, slip op. at 10-15.

Defendant did not file a motion for reconsideration or letter with this court under Rule 2:11-6 after Tyler was issued requesting relief, and he did not seek a petition for certification with our Supreme Court under Rule 2:12-3 to review our decision. Instead, on March 5, 2024—almost nine months later—defendant filed a motion for reconsideration of our June 8, 2023 opinion and decision with the trial court. Defendant argued that Tyler applied to this matter, which was pending at the time of his appeal and "in the pipeline," citing 257-161 20th Ave.

Realty LLC v. Roberto, 477 N.J. Super. 339 (App. Div. 2023), aff'd as modified, 259 N.J. 417 (2025). Plaintiff opposed defendant's second motion for reconsideration and argued that defendant did not have the requisite monies to redeem the tax lien and make plaintiff whole.

Plaintiff also filed a cross-motion to discharge defendant's lis pendens and for sanctions. Additionally, plaintiff sent defendant a frivolous litigation letter pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1. Plaintiff claimed it was owed $143,917.72 with respect to the tax lien as of April 12, 2024. In addition, plaintiff alleged it incurred $94,688.21 in costs associated with maintaining and renovating the Property and $30,197.92 in litigating the tax foreclosure matter and opposing defendant's motion to vacate final judgment, motions for reconsideration, and his appeal. Thus, plaintiff averred it was owed $268,803.85 in the event the final judgment was vacated.

On April 26, 2024, following oral argument, the trial court entered two orders. One of the orders denied defendant's second motion for reconsideration on the grounds it lacked jurisdiction to modify or vacate this court's decision. Further, the trial court noted there was still no competent proof or evidence presented by defendant that he had the funds necessary to redeem the Property. The trial court noted defendant's second motion for reconsideration was another

6

"mechanism for delay," which it would not consider. The second order granted plaintiff's cross-motion to dismiss defendant's lis pendens but denied plaintiff's cross-motion for sanctions.

In denying plaintiff's cross-motion for sanctions, the trial court highlighted that defendant's second motion for reconsideration, filed almost a year after Tyler was issued and after our decision, was "a very tough pill for anyone to swallow." Memorializing orders were entered. The appeal and cross-appeal followed.

On appeal, defendant argues that the trial court erred in denying his motion for reconsideration and to vacate the final judgment on jurisdictional grounds based on the "new legal standard" created by Tyler. Defendant claims Tyler "mandates" he is entitled to relief under N.J.S.A. 54:5-87 and Rule 4:50-1(f), and retroactivity is afforded because his appeal was in the pipeline when Tyler was decided. Defendant argues this court has the discretion to consider the matter on the merits in lieu of defendant filing a separate motion for reconsideration before us under Rule 2:11-6.

In its cross-appeal, plaintiff argues the trial court abused its discretion in denying its motion for sanctions. Plaintiff contends defendant's second motion for reconsideration was frivolous, filed in bad faith, generated a cloud on

7

plaintiff's title to the Property, and needlessly resulted in excessive litigation fees and costs. After filing its cross-appeal, plaintiff served defendant and his counsel with a frivolous litigation letter and demand to withdraw his "frivolous" second appeal. Plaintiff claims it has incurred an additional $7,486.40 in attorney's fees and costs since defendant filed his second appeal.

## II.

A trial court's order on a motion for reconsideration will not be set aside unless shown to be a mistaken exercise of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (citing Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002)). Reconsideration should only be granted in those cases in which the court had based its decision " 'upon a palpably incorrect or irrational basis,'" or did not "'consider, or failed to appreciate the significance of probative, competent evidence.'" Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

A motion for "[r]econsideration cannot be used to expand the record and reargue a motion." Cap. Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). It "is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record."

Asterbadi, 398 N.J. Super. at 310; see also Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (finding that a motion for reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion . . . ").

A court may "in the interest of justice" consider new evidence on a motion for reconsideration only when the evidence was not available prior to the decision by the court on the order that is the subject of the reconsideration motion. D'Atria, 242 N.J. Super. at 401; see also Palombi, 414 N.J. Super. at 289 (finding that facts known to the party prior to entry of an original order did not provide an appropriate basis for reconsideration); Fusco, 349 N.J. Super. at 462 (finding the party not entitled to reconsideration where evidence was available but not submitted to the court on the motion for the original order).

Rule 4:50-1 provides for relief from a judgment or order in six enumerated circumstances:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an

adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

Relief under subsection (f) of Rule 4:50-1, the catch-all provision, is available only when "truly exceptional circumstances are present." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 484 (2012) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)). "The movant must demonstrate the circumstances are exceptional and enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999) (citation omitted).

"In such exceptional circumstances, [Rule] 4:50-1(f)'s 'boundaries are as expansive as the need to achieve equity and justice.'" Ibid. (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). However, "[t]he [R]ule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Guillaume, 209 N.J. at 484 (quoting Little, 135 N.J. at 289).

Here, after the parties submitted their appellate briefs and argued the matter on March 22, 2023, the Supreme Court issued its opinion in Tyler, 598 U.S. at 631. In Tyler, the property owner failed to pay taxes on her residential

property. Id. at 635. Under Minnesota law, after the taxes remained outstanding for a year, the county obtained a judgment against the property, transferring limited title to the State. Ibid. Tyler had three years to redeem the property and regain title by paying all taxes and late fees. Ibid. After she failed to redeem the property during that time, absolute title vested in the State. Ibid. At that point, the total outstanding taxes, penalties, and interest were $15,000. Ibid. Pursuant to the statute, the State sold the property, obtaining $40,000, which extinguished Tyler's $15,000 debt, and distributed the remaining $25,000 to the county, which kept the money for its own use. Ibid.

The facts in Tyler do not give rise to Rule 4:50-1(f) relief to defendant. As we noted in our June 8, 2023 opinion, defendant's "arguments supporting his claim for relief under Rule 4:50-1(f) are devoid of any showing of grave injustice would occur if relief from the final judgment was not granted." Kemp, slip op. at 13. As the trial court pointed out, there is nothing in the record to support defendant's statement "other than surmised or bold face allegations with no supporting documentation" that he is "losing equity." And, saliently, defendant still has not shown "he has the money" to redeem.

Here, we conclude there was no jurisdictional or cognizable basis for the trial court to grant defendant's second motion for reconsideration following our

A-3105-23

decision on appeal. The trial court correctly reasoned that it lacked jurisdiction to consider defendant's second motion for reconsideration. The trial court did not abuse its discretion and was correct in its analysis.

Under Rule 2:11-6, defendant should have timely filed a motion for reconsideration before this court after Tyler was decided. Under Rule 2:11-6(a)(1), a motion for reconsideration in the Appellate Division must be filed "[w]ithin ten days after entry of judgment or order . . . ." We issued our opinion on June 8, 2023. That means defendant had ten days—until June 18, 2023—to file a motion for reconsideration with this court to challenge our decision after Tyler was decided. Defendant failed to seek timely recourse under Rule 2:11-6(a)(1) before this court and did not file a motion to file as within time. Thus, we discern no basis to grant defendant pipeline retroactive relief under Tyler, and we reject defendant's contention that we should sua sponte consider his argument as a belated motion for reconsideration.

Defendant contends he "lost over $300,000[] in equity for approximately $50,000[] in unpaid tax[es]" and thus raised the application of equitable principles before the trial court. However, defendant unlike Tyler, has not demonstrated any credible evidence establishing any surplus equity in the Property. Therefore, defendant has failed to establish that he has a

constitutionally recognized right in surplus equity, which <u>Tyler</u> sought to protect. We conclude the trial court did not abuse its discretion in denying defendant's second motion for reconsideration seeking to vacate final judgment. <u>See</u> <u>Roberto I</u>, 477 N.J. Super. at 363, 366. As we conclude the trial court had jurisdiction to enter final judgment on May 24, 2020, over four years ago, we decline to afford pipeline retroactivity relief to defendant under <u>Tyler</u>.

## III.

Next, we address plaintiff's cross-appeal. Plaintiff argues the trial court abused its discretion in denying its cross-motion for sanctions. Plaintiff contends defendant's second motion for reconsideration was frivolous, generated a cloud on plaintiff's title to the Property, was "designed to hamper" plaintiff's rights with respect to the Property, and needlessly caused plaintiff to incur extensive litigation costs. According to plaintiff, defendant filed the second motion for reconsideration as a "flagrant attempt" to further his "terroristic threats" and continue his "vexatious conduct." Defendant counters his actions were not frivolous, his case "fell through the cracks," there was no violation of the Rules of Professional Conduct, and review is warranted on the merits under <u>Tyler</u>.

A-3105-23

We review a trial court's decision to award counsel fees on a motion for frivolous litigation sanctions under an abuse of discretion standard. McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). Reversal is warranted "only if [the decision] 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

The Frivolous Litigation Act governs sanctions for frivolous litigation against a party. Under that statute, a court is permitted to "award reasonable attorney's fees and litigation costs to a prevailing party in a civil action if the court finds 'at any time during the proceedings or upon judgment that a complaint . . . of the non-prevailing person was frivolous.'" Bove v. AkPharma Inc., 460 N.J. Super. 123, 147-48 (App. Div. 2019) (quoting N.J.S.A. 2A:15-59.1(a)(1)).

A complaint is frivolous if the court "find[s] on the basis of the pleadings, discovery, or the evidence presented" that either: (1) the defense "was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury;" or (2) "[t]he non[-]prevailing party knew, or should have known, that the complaint . . . was without any reasonable basis in law or

equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."  N.J.S.A. 2A:15-59.1(b)(1) to (2).

Similarly, Rule 1:4-8 provides a pleading is frivolous if:  (1) it is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" (2) the claims therein are not "warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"; (3) the factual allegations lack evidentiary support; or (4) the denials of factual allegations are not warranted.

"For purposes of imposing sanctions under Rule 1:4-8, an assertion is deemed 'frivolous' when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" Bove, 460 N.J. Super. at 148 (quoting United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009)).  In the order imposing sanctions, the court "shall describe the conduct determined to be a violation of this rule and explain the basis for the sanction imposed."  R. 1:4-8(d).

The trial court's findings are supported by substantial, credible evidence. Moreover, the trial court's decision comports with the relevant and appropriate factors under Rule 1:4-8 and the Frivolous Litigation Act.  We reject plaintiff's

contention that defendant and his counsel violated Rule 1:4-8 and the Frivolous Litigation Act because they did not respond to the two frivolous litigation letters served upon them on March 12, 2024, after defendant's second motion for reconsideration was filed with the trial court, and June 10, 2024, after defendant filed the instant appeal. At the very least, defendant had a colorable argument under Tyler to attempt to seek relief. We are also unpersuaded by plaintiff's argument that the trial court "suggested" that we review plaintiff's request for sanctions. Accordingly, we discern no abuse of discretion and affirm the trial court's April 26, 2024 order denying plaintiff's cross-motion for sanctions.

To the extent we have not addressed any arguments raised by the parties, we conclude they lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3105-23